O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9315 AHM (JCx) | Date | January 5, 2011 |
|---|---|---|---|
| Title | BRUNO TOWA v. RANDY HARL, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:              Attorneys **NOT** Present for Defendants:

**Proceedings:**        IN CHAMBERS (No Proceedings Held)

　　　*Pro se* plaintiff Bruno Towa ("Towa") filed this action in state court on October 26, 2010, naming as defendants Randy Harl, Mark Mathews, Donna Matlock, Willbros Group, Inc., Hal Kvisle, and TransCanada Corp. ("Defendants"). On December 3, 2010, Defendants removed the action to federal court. On December 10, 2010, Defendants filed motions to dismiss the action for failure to state a claim.

　　　As Defendants point out, Towa's action is familiar to the Court. On December 8, 2009, Towa filed a nearly identical lawsuit in federal court naming as defendants Randy Harl, Mark Mathews, Willbros Group, Hal Kvisle, and TransCanada Corp. On May 4, 2010, the Court dismissed defendants Kvisle and TransCanada from the case because the Court lacked personal jurisdiction over Kvisle and Towa failed to state a cognizable claim against TransCanada. On July 7, 2010, the Court granted the motions of defendants Harl and Mathews, because corporate agents are not liable for a corporation's obligations. However, as to the motion of defendant Willbros Group, the Court granted the motion with leave to amend only as to Towa's claim for breach of contract. Towa failed to amend his complaint and the Court dismissed the case entirely on July 29, 2010.
/ / /

/ / /

/ / /

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9315 AHM (JCx) | Date | January 5, 2011 |
|---|---|---|---|
| Title | BRUNO TOWA v. RANDY HARL, et al. | | |

    Towa has failed to oppose the motions to dismiss his current action. "The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Local Rule 7-12. In addition, the motions to dismiss appear meritorious on their face. The action now before the Court names identical defendants (with the addition of Donna Matlock), alleges identical causes of action, and is based on the same factual allegations as Towa's previously-dismissed action. Thus, principles of *res judicata* and issue preclusion prevent Towa from proceeding against these defendants.

    Accordingly, the Court GRANTS Defendants' motions to dismiss[1] without leave to amend.

    No hearing is necessary. Fed. R. Civ. P. 78; L.R. 7-15.

**JS-6**

                                                                                                    :

Initials of Preparer                 SMO

---

[1] Docket Nos. 6, 8, 10, 12, 14, 16.